UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                 :
HORACIO ALBERTO CRESPO, et al.,    :
                 :    07 CIV. 11457 (TPG)
      Plaintiffs,             :
                 :
    - against -               :    **ANSWER**
                 :
THE REPUBLIC OF ARGENTINA,     :
                 :
      Defendant.             :
                 :
------------------------------------------------------------------- X

       Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint dated December 18, 2007 (the "Complaint"), respectfully states as follows:

       1.     To the extent that Paragraph 1 of the Complaint purports to characterize the nature of the action brought, no responsive pleading is required. To the extent that Paragraph 1 of the Complaint constitutes a conclusion of law, no responsive pleading is required. The Republic otherwise admits that it issued a bond having ISIN US040114GF14.

       2.     Paragraph 2 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations of Paragraph 2 of the Complaint.

       3.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

       4.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint. Paragraph 4 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies any characterizations inconsistent with the contents of the

referenced documents and refers to the documents referenced in Paragraph 4 of the Complaint for their true and correct contents.

5. The Complaint does not contain a paragraph numbered "Paragraph 5," and accordingly no responsive pleading is required.

6. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

8. Paragraph 8 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

9. To the extent that Paragraph 9 of the Complaint constitutes a conclusion of law, no responsive pleading is required. Paragraph 9 otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 9 of the Complaint for their true and correct contents. The Republic admits that it entered into a Fiscal Agency Agreement dated as of October 19, 1994 (the "1994 FAA"). The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. Paragraph 10 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 10 of the Complaint for its true and correct contents.

11. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint. Paragraph 11 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 11 of the Complaint for their true and correct contents.

12. The Republic admits that it entered into the 1994 FAA and that it issued a bond having ISIN US040114GF14. To the extent that Paragraph 12 constitutes a conclusion of law, no responsive pleading is required. Paragraph 12 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 12 of the Complaint for their true and correct contents.

12(a).[1] To the extent that Paragraph 12(a) purports to characterize the nature of the action brought or the bonds at issue, no responsive pleading is required. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12(a) of the Complaint.

13. Paragraph 13 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 13 of the Complaint for its true and correct contents. The Republic otherwise lacks

---

[1] The Complaint contains two paragraphs numbered "12." Those paragraphs are referred to herein as Paragraphs "12" and "12(a)," respectively.

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. Paragraph 14 otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 14 of the Complaint for its true and correct contents. The Republic otherwise denies the allegations in Paragraph 14 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

15. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint. Paragraph 15 otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 15 of the Complaint for their true and correct contents.

16. In Response to Paragraph 16 of the Complaint, the Republic repeats and realleges each and every response to Paragraphs 1-15 of the Complaint.

17. Paragraph 17 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint.

19.   Paragarph 19 constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint.

20.   Paragraph 20 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations of Paragraph 20 of the Complaint.

### First Affirmative Defense

21.   The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[2]

22.   Plaintiffs' claims are barred by the act of state doctrine.

### Third Affirmative Defense

23.   To the extent plaintiffs are not acting in good faith in commencing and prosecuting this action, plaintiffs are barred from enforcing any rights they may otherwise have.

### Fourth Affirmative Defense

24.   Plaintiffs' claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

25.   Plaintiffs' claims are barred by the doctrine of abuse of rights.

---

[2]   The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, 03 Civ. 2508 (TPG), 2003 WL 22120745, (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

### Sixth Affirmative Defense

26.     Plaintiffs' claims are barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

35.     Plaintiffs' interest claims, if any, arising before December 18, 2002 are barred in part by the applicable statute of limitations/prescription period.

### Eighth Affirmative Defense

36.     Plaintiffs lacks standing and/or capacity to sue, because plaintiffs are not holders of bonds within the meaning of the 1994 FAA.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a)     dismissing plaintiffs' claims with prejudice;

(b)     awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c)     granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, NY
       March 4, 2008

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
    Jonathan I. Blackman (jblackman@cgsh.com)
    Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, NY 10006
(212) 225-2000

Attorneys for the Republic of Argentina