UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HORACIO ALBERTO CRESPO, MIRTA GUADALUPE    :
FORNARA, MARIA L. CRESPO and MARIA CRESPO, :
                                           :   07 Civ. 11457
              Plaintiffs,                  :
                                           :
     -against-                             :
                                           :
THE REPUBLIC OF ARGENTINA,                 :
                                           :
              Defendant.                   :
------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

BOLATTI & ASSOCIATES
Silvia Bolatti Esq.
70 Little West St., Ste. 7 A
New York, New York 10004
Direct: (212) 732-4929
Fax.: (646) 417-7115
bolatti@attglobal.net

Attorney for Plaintiffs,
Horacio Alberto Crespo
Mirta Guadalupe Fornara
Maria Crespo
Maria L. Crespo

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................................................1

RELEVANT FACTS..................................................................................................................1

    A. Argentina's Debt to the Plaintiffs......................................................................................1

    B. Argentina's Default and the Plaintiffs' Acceleration of Argentina's Payment
    Obligations...............................................................................................................................2

    C. The Plaintiffs' Lawsuit......................................................................................................4

ARGUMENT............................................................................................................................... 6

    A. Standard of Review on Motion for Summary Judgment....................................................6

    B. The Plaintiffs are Entitled to Payment of Principal and Accrued Interest
    on the Plaintiffs' Bonds...........................................................................................................7

    C. The Plaintiffs are Equitably Entitled to Recover on the Plaintiffs' Bonds........................8

    D. This Court has Held That Conduct Identical to the Plaintiffs is not
    Champertous...........................................................................................................................9

    E. The Plaintiffs have Standing to Bring this Lawsuit as Authorized Beneficial
    Owners..................................................................................................................................10

CONCLUSION...........................................................................................................................11

i

**TABLE OF AUTHORITIES**

Cases

*Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.,*
    404 F.3d 566(2d Cir. 2005)..................................................................................................8

*Allan Applestein TTEE FBO D.C.A. v. Argentina,*
    No. 02 Civ. 4124 (TPG), 2003 WL 22743762 (S.D.N.Y. Nov. 20, 2003).........................3, 5

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242(1986).............................................................................................................6

*Celotex Corp. v. Catrett,*
    477 U.S. 317, 321 (1986) ...................................................................................................6

*Dvoskin v. Prinz,*
    613 N.Y.S.2d 654, 205 A.D.2d 661(2d Dep't 1994)............................................................7

*Elliott Assocs., L.P. v. Banco de la Nación,*
    194 F.3d 363 (2d Cir. 1999)................................................................................................9

*Elliott Assocs., L.P. v. Republic of Panama,*
    975 F. Supp. 332(S.D.N.Y. 1997).......................................................................................9

*EM Ltd. v. Argentina,*
    No. 03 Civ. 2507 (TPG), 2003 WL 22120745
    (S.D.N.Y. Sept. 12, 2003, as corrected Sept. 16, 2003)..................................................5, 10

*Etevob v. The Republic of Argentina,*
    No. 03 Civ. 1680 (TPG), 471 F. Supp. 2d 432 (2007)........................................................5

*Exposito v. Republic of Argentina,*
    2006 WL 399451 (S.D.N.Y. Feb. 21, 2006)......................................................................10

*Fontana v. Argentina,*
    No. 04 Civ.4069 (L), 2005 WL 1655034 (2d Cir. July 15, 2005).......................................10

*Gerhard Tenner v. The Republic of Argentina,*
    No. 12-Civ. 9364 (TPG) 2013 WL 5508379 (S.D.N.Y. Oct. 3, 2013)...............................10

*Greylock Global Distressed Debt Master Fund, Ltd. v. Republic of Argentina,*
    No. 05 Civ.4246 (TPG), 2006 WL 397908 (S.D.N.Y. Feb. 17, 2006).............................9, 10

*In re Gulf Oil/Cities Serv. Tender Offer Litig.,*
    725 F. Supp. 712 (S.D.N.Y. 1989).......................................................................................8

*Knight v. U.S. Fire Ins. Co.,*
    804 F.2d 9, 12 (2d Cir. 1986) ..............................................................................................6

*Lightwater Corp. Ltd. v. Argentina,*
    No. 02 Civ. 3804 (TPG), 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003).................3, 5, 9, 10

*Maguire v. Level Sights, Inc.,*
    No. 03 CV 2294, 2004 WL 1621187, at *1 (S.D.N.Y. July 19, 2004) ................................6

*Mazzini v. Argentina,*
    No. 03 Civ. 8120 (TPG), 2005 WL 743090 (S.D.N.Y. Mar. 31, 2005)........................2, 7, 9

*Million Air Corp. v. Argentina,*
    2005 WL 2656126 (S.D.N.Y. Oct. 17, 2005).....................................................................10

*Omni Quartz, Ltd. v. CVS Corp.,*
    287 F.3d 61 (2d Cir. 2002)...................................................................................................6

*Tamman v. Schinazi,*
    No. 00CV9404GBD, 2004 WL 1637000, at *2 (S.D.N.Y. July 21, 2004) .........................6

*Twin Laboratories, Inc. v Weider Health & Fitness,*
    900 F.2d. 566, 568 (2d Cir. 1990) .......................................................................................6

*Valley Nat'l Bank v. Greenwich Ins. Co.,*
    254 F. Supp.2d 448 (S.D.N.Y.2003)....................................................................................7

Statutes

Local Rule 56.1...............................................................................................................................1

Fed. R. Civ. P. 56...................................................................................................................... 1, 6

N.Y. Jud. Law § 489................................................................................................................. 4, 9

Plaintiffs Horacio Alberto Crespo, Mirta Guadalupe Fornara, Maria L. Crespo and Maria Crespo (collectively, the "Plaintiffs") respectfully submit this memorandum of law, together with the Statement of Material Facts as to Which There is no Genuine Dispute Pursuant to Local Civil Rule 56.1, and the Declaration of Horacio Alberto Crespo, dated December 19, 2014 ("Crespo Decl."), in support of the Plaintiffs' motion for summary judgment against defendant The Republic of Argentina ("Argentina" or the "Republic"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the Southern District of New York.

## PRELIMINARY STATEMENT

By this motion, the Plaintiffs seek summary judgment on their Complaint, dated December 18, 2007 (the "Complaint"), asserting breach of contract based upon Argentina's failure to pay more than $3,318,864 in principal and accrued interest owed by Argentina on the bonds that are the subject of this action.

## RELEVANT FACTS

A.   Argentina's Debt to the Plaintiffs

The Plaintiffs own a beneficial interest in certain bonds issued by Argentina (the "Plaintiffs' Bonds").  (Crespo Decl. at ¶¶ 3 and 4; see also Complaint, Att. 2 and Crespo Decl. Exhibit A, listing the Plaintiffs' specific holdings.)  Argentina issued the Plaintiffs' Bonds pursuant to the terms of a Fiscal Agency Agreement, dated as of October 19, 1994 as amended on April 21, 1998 (the "1994 FAA") (see Complaint, Att. 1) (Crespo Decl. at ¶ 3.)  Argentina issued the Plaintiffs' Bonds through Deutsche Bank AG, London ("Deutsche"), successor to Bankers Trust Company, Argentina's fiscal agent under the 1994 FAA.  (*See id.* at ¶ 3.)  As of October 30, 2014, the outstanding principal and accrued interest owed to the Plaintiffs by Argentina totals at least $3,318,864.  (*See id.* at ¶ 13 and Ex. C to Crespo Decl., *i.e.,* chart

1

calculating accrued interest through December 31, 2014; see also Complaint at ¶ 20.) Pursuant to the 1994 FAA, Argentina (i) consented to the personal jurisdiction of this Court (*see* Complaint, Att. 1, at § 22); (ii) consented to venue in this District with respect to claims relating to the Plaintiffs' Bonds (*see id.*); (iii) waived any claim of immunity with respect to this action, including but not limited to sovereign immunity (*see id.*); and (iv) agreed that the 1994 FAA would be governed by and construed in accordance with the laws of the State of New York (see Complaint, Att. 1, at § 23).

B.   <u>Argentina's Default and the Plaintiffs' Acceleration of Argentina's Payment Obligations</u>

The 1994 FAA permits the Plaintiffs to declare the Plaintiffs' Bonds they hold in default and accelerate Argentina's obligations to pay all principal and accrued interest on the Plaintiffs' Bonds under any of the following circumstances:

>   (a) <u>Non-Payment</u>:   the Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days; or
>
>   \*   \*   \*
>
>   (d) <u>Moratorium</u>: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness [as defined in the 1994 FAA] of the Republic shall be declared by the Republic;

(Complaint, Att. 1, at § 12.)

The 1994 FAA provides that under either event of default, bondholders such as the Plaintiffs could give written notice and declare the principal amount of such bonds "held by it to be due and payable immediately." (Complaint, Att. 1, at § 12)

In December 2001, Argentina unilaterally declared a "moratorium" on servicing its external debt and stopped paying all principal and interest owed to all creditors and bondholders. (Crespo Decl. at ¶ 7; see also Complaint at ¶ 2)  This failure to pay principal and interest was a

2

default under the 1994 FAA.  *See Mazzini v. Argentina*, No. 03 Civ. 8120  (TPG), 2005 *WL 743090*, at *3 (S.D.N.Y. Mar. 31, 2005); *Allan Applestein TTEE FBO D.C.A. v. Argentina*, No. 02 Civ. 4124 (TPG), 2003 *WL 22743762*, at *2 (S.D.N.Y. Nov. 20, 2003); *Lightwater Corp. v. Argentina*, No. 02 Civ. 3804 (TPG), 2003 *WL 1878420*, at *4 (S.D.N.Y. Apr. 14, 2003).

Since declaring the moratorium, Argentina has not made any payments of interest or principal on any of its foreign debt, including on the Plaintiffs' Bonds.  (*See* Answer dated March 4, 2008 ("Answer") at ¶ 14).  (*See* Complaint at ¶ 3 and Crespo Dec., ¶ 8.)

On December 18, 2007, the Plaintiffs provided to Deutsche Bank notices of acceleration on all principal and accrued interest due on the Plaintiffs' Bonds, to be paid immediately in United States Dollars.  (See Complaint at ¶ 15, and Att. 3.)

Section 5 of the 1994 FAA provides that:

> The Republic understands that under existing industry practices, if . . . an owner of a beneficial interest . . . desires to take any action which a holder is entitled to take under the Fiscal Agency Agreement, the Depositary for such Global Security would authorize the Participants holding the relevant interests to take such action, and such Participants would authorize beneficial owners owning through such Participants to take such action . . . .

(Complaint, Att. 1, at § 7.)

The Plaintiffs' beneficial interests in the Plaintiffs' Bonds are represented through accounts at Banco Itaú International Securities, Inc. (successor in interest to BI Bank and Trust Bahamas Ltd.) ("BI Bank") and Morgan Stanley ("Morgan Stanley").  (Crespo Decl. at ¶ 5.)  As evidenced by the recent BI Bank and Morgan Stanley bank account statements attached as Exhibit B to the Crespo Declaration, Plaintiffs' Bonds continue to be held by BI Bank and Morgan Stanley, respectively, in the name and for the benefit of the Plaintiffs, and/or as custodian.  (See Crespo Decl. at ¶¶ 5, 6 and 12 and bank account statements at Exhibit B).

C.   The Plaintiffs' Lawsuit.

On December 18, 2007, Plaintiffs commenced this action against Argentina in this Court seeking to recover damages in the amount of at least $891,000 including accrued interest for Argentina's breach of the 1994 FAA thereby permitting the Plaintiffs to declare the Plaintiffs' Bonds in default and accelerate Argentina's obligations to pay all principal and accrued interest on the Plaintiffs' Bonds.

Argentina answered the Complaint on March 4, 2008 and asserted the following eight affirmative defenses:  (i) that the Complaint fails to state a claim upon which relief can be granted (First Affirmative Defense); (ii) that the Plaintiffs' claims are barred by the act of state doctrine (Second Affirmative Defense); (iii) that the Plaintiffs are barred from enforcing their rights to the extent they have not acted in good faith in commencing and prosecuting this action (Third Affirmative Defense); (iv) that the Plaintiffs' claims are barred by the doctrine of unclean hands (Fourth Affirmative Defense); (v) that the Plaintiffs' claims are barred by the doctrine of abuse of rights (Fifth Affirmative Defense);(vi) that the Plaintiffs' claims are barred by section 489 of the New York Judiciary Law (Sixth Affirmative Defense); (vii) that the Plaintiffs' interest claims, if any, arising on or before December 18, 2002 are barred in part by the applicable statute of limitations/prescription period, and (viii) that the Plaintiffs lack standing and/or capacity to sue, because the Plaintiffs are not holders of bonds within the meaning of the 1994 FAA (Eighth Affirmative Defense).  (See Answer at ¶¶21-26 and 35-36[1].)

Argentina admits that this Court has previously rejected Argentina's Second and Fifth

---

[1]  The Answer contains affirmative defenses at paragraphs numbered 21 through 26 and 35 and 36.  The Answer does not contain any paragraphs numbered "27" through "34".  Instead, the numeration jumps from 26 to 35, apparently as a result of an error in the paragraph numbering.  Therefore the paragraphs of the Answer containing defendant's affirmative defenses cited herein are consecutive but are referenced by the paragraph number set forth in the Answer.

4

Affirmative Defenses and states that it has interposed them merely to preserve them for potential appellate review.  (See Answer at page 5, footnote 2); see Lightwater, 2003 WL 1878420, at *3-5.  For this reason, the Plaintiffs will not address these affirmative defenses.

Argentina's remaining purported defenses are meritless.  This Court has already granted summary judgment to multiple similarly situated plaintiffs suing Argentina on the same or similar bonds for failure to satisfy its foreign debt obligations.  See, e.g., *Lightwater, 2003 WL 1878420*; *EM Ltd. v. Argentina*, No. 03 Civ. 2507 (TPG), *2003 WL 22120745*, at *3 (S.D.N.Y. Sept. 12, 2003, as corrected Sept. 16, 2003); *Applestein, 2003 WL 22743762*.  In *Lightwater* for example, this Court granted summary judgment to the plaintiffs in three related actions for the principal amounts of their bonds plus accrued interest.  *See Lightwater,* 2003 U.S. Dist. LEXIS 6156, at * 14.  Because Argentina "defaulted on the bonds when it ceased to pay…interest," and because the plaintiffs accelerated the bonds, this Court concluded that Argentina "now owes the three plaintiffs principal and accrued interest."  Id. at *11-*12.

Following *Lightwater*, the Court has found that other Argentina bond holders have presented claims virtually indistinguishable from those in *Lightwater*, and has thus granted summary judgment in factually analogous situations to those presented in this action.  *See EM Ltd. v. The Republic of Argentina,* No. 03 Civ. 2507 (TPG), 2003 U.S. Dist. LEXIS 15975 (S.D.N.Y. Sept. 12, 2003), *aff'd*, 382 F.3d 291 (2d Cir. 2004); *Applestein TTEE FBO D.C.A. Grantor Trust v. The Republic of Argentina*, No. 02 Civ. 4124 (TPG), 2003 U.S. Dist. LEXIS 20922 (S.D.N.Y. Nov. 19, 2003) and *Etevob v. The Republic of* 471 F. Supp. 2d 432 (2007) at 436-437, 440.[2]

---

[2] The *Etevob* decision granted summary judgment on the same series of defaulted bonds at issue in this action (ISIN No.: US040114GF14 CUSIP/No.: 040114GF1), also governed by the 1994 FAA.  *See Etevob, Id.*, Tables 8, 12 and 25.

Accordingly, there are no genuine issues of fact and the unimpeachable documentary evidence establishes that the Plaintiffs are entitled to summary judgment.

## ARGUMENT

A.   Standard of Review on Motion for Summary Judgment

Summary judgment is proper where the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 321 (1986). "A genuine issue for trial exists if, based on the record as a whole, a reasonable trier of fact could return a verdict for the non-moving party." *Tamman v. Schinazi,* No. 00CV9404GBD, 2004 WL 1637000, at *2 (S.D.N.Y. July 21, 2004) citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)). "[T]he party *opposing* the motion bears the ultimate burden of proof to demonstrate that there is some evidence which would create a genuine issue of material fact." *Maguire v. Level Sights, Inc.,* No. 03 CV 2294, 2004 WL 1621187, at *1 (S.D.N.Y. July 19, 2004) (citing *Twin Laboratories, Inc. v Weider Health & Fitness,* 900 F.2d. 566, 568 (2d Cir. 1990)) (emphasis added). "The non-movant cannot meet this burden simply by relying on mere conclusory allegations, speculation or conjecture," *Id*. (citing *Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986))*. Although a court must view the evidence in the light most favorable to the nonmoving party, once the movant demonstrates that there is no genuine issue of material fact, the burden shifts to the nonmoving party who must present significant probative evidence that a factual dispute exists. *See* Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

Summary judgment is particularly appropriate where, as here, the issue before the court is the interpretation of an unambiguous contract. *See Omni Quartz, Ltd. v. CVS Corp.*, 287 F.3d

61, 64 (2d Cir. 2002) ("The proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment"). Under New York law, the holder of a debt instrument establishes a prima facie entitlement to summary judgment by demonstrating the existence of the debt obligation and the defendant's default.  *See Dvoskin v. Prinz*, 613 N.Y.S.2d 654, 655, 205 A.D.2d 661, 661 (2d Dep't 1994) ("A party establishes [its] prima facie entitlement to judgment on promissory notes as a matter of law by producing the promissory notes executed by the defendant and by establishing the defendant's default thereon"); *Valley Nat'l Bank v. Greenwich Ins. Co.*, 254 F. Supp.2d 448, 453 (S.D.N.Y. 2003) ("In cases involving notes and guarantees . . . a plaintiff establishes its prima facie entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder") (internal quotations omitted).

In response to motions for summary judgment brought by similarly situated plaintiffs suing Argentina on global securities under the 1994 FAA, this Court has held that it "will grant summary judgment to plaintiffs who provide (1) evidence of ownership of a particular bond, and (2) evidence specifically identifying that bond.  In most cases, a properly executed declaration and an account statement will be sufficient to prove that the bonds plaintiffs claim to own are in fact the bonds held in their accounts."  *Mazzini, 2005 WL 743090*, at *4.  (*See* Crespo Decl. at ¶¶ 4-6 and 12; see also Complaint, Att. 2).

B.   The Plaintiffs are Entitled to Payment and Accrued Interest on the Plaintiffs' Bonds

Unquestionably, the Plaintiffs state a claim for breach of the 1994 FAA against Argentina and should recover approximately $3,318,864 in principal and interest from Argentina for the Plaintiffs' Bonds.  It is indisputable that the Plaintiffs are the holders of the Plaintiffs' Bonds and, thus, have the right under the 1994 FAA to immediate payment of all principal and

outstanding interest upon an event of default and proper notice to Argentina.  An event of default occurred when Argentina declared a moratorium on payments of principal and interest with respect to its foreign debt and, subsequently, failed to make payments of interest or principal on bonds issued pursuant to the 1994 FAA.  Argentina has expressly admitted that it has not paid interest or principal on nonperforming debt since December 2001.  (See Answer at ¶ 3.)  It is indisputable that the Plaintiffs notified Argentina of its default and demanded accelerated payment of all principal and accrued interest on the Plaintiffs' Bonds, in accordance with the provisions of the 1994 FAA.  This Court has already granted summary judgment to multiple similarly situated plaintiffs and there is nothing in the record to materially distinguish this action from those actions.  Accordingly, there are no genuine issues of material fact with respect to Argentina's default on the Plaintiffs' Bonds and the Plaintiffs' entitlement to damages as a result.

C.   The Plaintiffs are Equitably Entitled to Recover on the Plaintiffs' Bonds

Argentina's purported unclean hands defense is no bar to the Plaintiffs' claims because "[u]nclean hands is an equitable defense to equitable claims" and, therefore, unavailable in a contract action for damages.  *See Aetna Cas. and Sur. Co. v. Aniero Concrete Co*., 404 F.3d 566, 607 (2d Cir. 2005); *see also In re Gulf Oil/Cities Serv. Tender Offer Litig*., 725 F. Supp. 712, 742 (S.D.N.Y. 1989).

Any other attempts Argentina makes to raise "bad faith" issues similarly do not defeat the Plaintiffs' right to summary judgment on their Complaint.  It is indisputable that the Plaintiffs purchased the Plaintiffs' Bonds in good faith and have performed fully in accordance with the provisions of the 1994 FAA.  Since Argentina has refused to pay the principal and accrued interest on the Plaintiffs' Bonds, despite the Plaintiffs' rightful demand that Argentina do so pursuant to the 1994 FAA, the Plaintiffs have taken the necessary action of bringing the instant

lawsuit to collect on the Plaintiffs' Bonds.  This Court, by its continual granting of summary judgments to similarly situated plaintiffs, has implicitly recognized the unfettered right of holders such as the Plaintiffs to collect on their bonds.  *See Greylock Global Distressed Debt Master Fund, Ltd. v. Republic of Argentina*, No. 05 Civ. 4246 (TPG), *2006 WL 397908*, at *1 (S.D.N.Y. Feb. 17, 2006) (court granting summary judgment to plaintiffs seeking to collect on Argentina's defaulted bonds issued under the 1994 FAA); *see also Lightwater, 2003 WL 1878420*, at *4 ("The obligations of the Republic on the bonds involved in these lawsuits is unconditional. . .  The Republic defaulted on the bonds when it ceased to pay the interest.  This would seem to mean that the Republic now owes the . . . plaintiffs principal and accrued interest").  Certainly, Argentina has not raised any equitable reason why the Plaintiffs should be prevented from prevailing on their motion for summary judgment and collecting on these bonds.

D.     This Court has Held That Conduct Identical to the Plaintiffs is not Champertous

This Court has routinely held that section 489 of the New York Judiciary Law – the New York champerty statute –is not violated in circumstances where a debt is purchased with the intent to collect on it, even if plaintiffs "clearly were aware that a lawsuit might be necessary" for collection.  See, e.g., *Mazzini, 2005 WL 743090*, at *4 (*citing Lightwater*, *2003 WL 1878420*, at *4-5 (*citing Elliott Assocs., L.P. v. Banco de la Nación*, 194 F.3d 363 (2d Cir. 1999)); *see also Elliott Assocs.*, 194 F.3d at 378 (recognizing that a claim to recover $7 million on defaulted bonds was "[f]ar from being a trivial claim that might serve . . . as the illegitimate vehicle for the recovery of attorney fees"); *Elliott Assocs., L.P. v. Republic of Panama*, 975 F. Supp. 332, 340 (S.D.N.Y. 1997) ("no reasonable fact finder could conclude that [debt purchaser] spent $8 million just to enjoy the pleasures of litigation").  Argentina has not raised any genuine issues of material fact showing that the Plaintiffs' conduct is any different from other similarly situated

plaintiffs to whom this Court has granted summary judgment, dismissing Argentina's purported champerty defense. *See Greylock Global, 2006 WL 397908*, at *2; *M, 2005 WL 743090*, at *4; *EM Ltd., 2003 WL 22120745*, at *3; *Lightwater, 2003 WL 1878420*, at *4-5.

E.      The Plaintiffs have Standing to Bring this Lawsuit as Authorized Beneficial Owners

It is undisputed that the Plaintiffs, as beneficial owners of the Plaintiffs' Bonds, have standing to sue Argentina on the Plaintiffs' Bonds. *See Fontana v. Argentina*, No. 04 Civ. 4069 (L), *2005 WL 1655034*, at *2 (2d Cir. July 15, 2005). Argentina may waive the authorization requirement, and indeed, "[t]he Republic has now agreed to waive objections based on lack of authorization where a plaintiff provides confirmation slips or other proof of purchase for any purchase of beneficial interests on or after the default date of December 24, 2001, and where the court makes a finding at an appropriate time of current ownership." *Exposito v. Republic of Argentina, 2006 WL 399451*, at *2 (S.D.N.Y. Feb. 21, 2006); see also *Million Air Corp. v. Argentina, 2005 WL 2656126*, at *3 (S.D.N.Y. Oct. 17, 2005); *Gerhard Tenner v. The Republic of Argentina,* No. 12-Civ. 9364 (TPG) 2013 WL 5508379 (S.D.N.Y. Oct. 3, 2013). Here, the Plaintiffs have submitted a declaration of plaintiff Horacio Alberto Crespo attesting to the Plaintiffs' ownership of the Plaintiffs' Bonds (*see* Crespo Decl. at ¶¶ 3-5 and 12) and redacted BI Bank and Morgan Stanley statements for the accounts holding Plaintiffs' Bonds (*see* Crespo Decl., Ex. B, Account Statements.)

Thus, the Plaintiffs have adequately demonstrated through their account statements that they are unquestionably the beneficial owners of the Plaintiffs' Bonds. Therefore, there is no issue of standing and the Plaintiffs should be granted summary judgment on this claim.

## **CONCLUSION**

For the foregoing reasons, the Plaintiffs respectfully request that this Court grant their Motion for Summary Judgment.

Dated: New York, New York
       January 4, 2015

                                    BOLATTI & ASSOCIATES

                              By:     s/ Silvia Bolatti
                                        Silvia Bolatti (SB-7786)
                                        70 Little West St., Ste. 7 A
                                        New York, New York 10004
                                        Direct: (212) 732-4929
                                        Fax.: (646) 417-7115
                                        bolatti@attglobal.net

                                        Attorney for Plaintiffs,
                                        Horacio Alberto Crespo
                                        Mirta Guadalupe Fornara
                                        Maria Crespo
                                        Maria L. Crespo