USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/21/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
HORACIO ALBERTO CRESPO, MIRTA GUADALUPE :
FORNARA, MARIA L. CRESPO and MARIA CRESPO, :
                              Plaintiffs, :

              -against- :

THE REPUBLIC OF ARGENTINA, :

                             Defendant. :
------------------------------------------------------------------x

07 Civ. 11457

[PROPOSED OPINION]

      Plaintiffs are the beneficial owners of a certain bond indebtedness issued by defendant, the Republic of Argentina ("Argentina"). Argentina defaulted on such indebtedness in December 2001. Plaintiffs sue to recover amounts due to them as a result of the default and have moved for summary judgment. Argentina does not object to the entry of summary judgment against it. The motion is granted.

## FACTS

      The bond indebtedness held by Plaintiffs, which bears ISIN No. US040114GF14 (the "Bond") was issued by Argentina under an issue of global debt securities, designated as CUSIP 040114GF1 and ISIN No. US040114GF14, through Deutsche Bank AG, London, successor to Banker's Trust Company, Argentina's Fiscal Agent under a 1994 Fiscal Agency Agreement dated October 19, 1994 (the "FAA"), as amended and restated from time to time. In the FAA, Argentina expressly agreed: (i) to submit to the jurisdiction of this Court; and (ii) to waive any claim of sovereign immunity to the fullest extent of the law. FAA § 22. Argentina further expressly agreed that certain events, including a failure to pay interest when due, or a declaration by Argentina of a moratorium on the payment of principal or interest, would constitute default. *See id.* (Default: Acceleration of Maturity) ¶12(a), (d). On December 24, 2001, Argentina

declared a moratorium on payments of principal and interest on its external debt. The Court refers to its previous opinions for a description of the circumstances of these defaults. *Lightwater Corp. Ltd.* v. *Republic of Argentina,* No. 02 Civ. 3804, 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003); *Applestein* v. *Province of Buenos Aires,* No. 02 Civ. 1773, 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003).

Since declaring the moratorium Argentina has defaulted by failing to make any payment of interest or principal on any of its foreign debt, including the Bond at issue in this Action.

The Bonds at issue in this Action, and the amount of beneficial interest owned by Plaintiffs, respectively, is reflected in the following tables: [1]

**Table 1**

| Plaintiff Bond Holder or Beneficial Owner: | Horacio Alberto Crespo |
|---|---|
| Face Value: | $529,000 |
| CUSIP No., ISIN No., BB No.: | CUSIP: 040114GF1 / ISIN:US040114GF14 |
| Date Of Issuance: | June 19, 2001 |
| Date Of Maturity: | December 19, 2008 |
| Interest Rate/Payable: | 12/19/01: 7%; 06/20/04: 15.50% |
| Date Of Purchase: | November 2001 |
| Acceleration: | On 12/18/2007 pursuant to plaintiffs' written notice |
| Contract Documents: (FAA; FRB; Indenture; Offering Prospectus; Certificates, etc.) | 1994 FAA |

---

[1] The court notes the distinction between bonds and beneficial interests. In some previous opinions, the court has simply referred to the plaintiffs as owners of "bonds," when in fact plaintiffs are technically owners of "beneficial interests in bonds." Argentina actually issues "a bond" to a depository. The depository, in some form, issues "participations" to brokers, who sell "beneficial interests" to purchasers. These beneficial interests are identified by reference to the underlying bond (CUSIP or ISIN number or both; date of issuance and maturity; rate of interest) and the principal amount of the beneficial interest. This distinction is discussed more fully in *Million Air Corp.* v. *Republic of Argentina,* No. 04 Civ. 1048, 2005 WL 256126 (S.D.N.Y. Oct. 17, 2005).

| Evidence of Ownership Proffered: (Account Statements; Letters; Notarized Statements, etc.) | Banco Itaú Account Statements through May 31, 2015 |

**Table 2**

| Plaintiff Bond Holder or Beneficial Owner: | Horacio Alberto Crespo, Mirta Guadalupe Fornara, Maria L. Crespo and Maria Crespo. |
|---|---|
| Face Value: | $362,000 |
| CUSIP No., ISIN No., BB No.: | CUSIP: 040114GF1 / ISIN:US040114GF14 |
| Date Of Issuance: | June 19, 2001 |
| Date Of Maturity: | December 19, 2008 |
| Interest Rate/Payable: | 12/19/01: 7%; 06/20/04: 15.50% |
| Date Of Purchase: | November 2001 |
| Acceleration: | On 12/18/2007 pursuant to plaintiffs' written notice |
| Contract Documents: (FAA; FRB; Indenture; Offering Prospectus; Certificates, etc.) | 1994 FAA |
| Evidence of Ownership Proffered: (Account Statements; Letters; Notarized Statements, etc.) | Morgan Stanley Account Statements through May 31, 2015 |

**DISCUSSION**

This Court has already granted summary judgment to plaintiffs in other cases seeking to collect similar breach of contract claims against Argentina for its failure to satisfy its foreign debt obligations, including the same Bond at issue in this Action. In *Fontana v. Republic of Argentina*, 415 F.3d 238 (2d Cir. 2005) and *Applestein v. Province of Buenos Aires*, 415 F.3d 242 (2d Cir. 2005), the Second Circuit has held that an owner of a beneficial interest, such as Plaintiff here, must receive authorization from the registered holder of the bond before it may

3

sue, but that such authorization may be granted subsequent to the filing of a lawsuit. Alternatively, Argentina may waive the authorization requirement. Argentina has agreed to waive objections based on lack of authorization where the Court makes a finding of current ownership. *See* Transcript, March 28, 2006, *Cali v. Republic of Argentina,* No. 04-6594; *See also Dussault v. The Republic of Argentina*, No. 06-civ-13085 (TPG), Judgment (S.D.N.Y. May 25, 2012).

Here, Plaintiffs have adequately demonstrated through their account statements that they owned their beneficial interest in the Bond as of May 30, 2015. There is no evidence of any change of ownership thereafter.

Interest on the outstanding principal of the Bond shall continue to accrue pre-judgment at the contract rate, regardless of intervening maturity or acceleration in addition to statutory interest on accrued and unpaid interest on the outstanding principal of the Bond in accordance with the findings in *NML Capital/ Montreux Partners, et al v. Republic of Argentina,* No. 09-2707-cv (2d Cir. 2011).

## CONCLUSION

The motion for summary judgment is granted. Judgment will be entered for the principal amount of the Bond issued by Argentina, plus interest.

Settle judgment.

**SO ORDERED.**

Dated: New York, New York

_____8/4/15_____, 2015

_____
THOMAS P. GRIESA, U.S.D.J.